[Cite as *In re J.P.*, 2016-Ohio-1262.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| In the Matter of: | : | Appellate Case No. 2015-CA-84 |
| | : | |
| J.P., J.P., J.P., and J.P. | : | Trial Court Case Nos. 2011-1567 |
| | : | 2011-1568 |
| | : | 2011-1569 |
| | : | 2011-1570 |
| | : | |
| | : | (Juvenile Appeal from |
| | : | Common Pleas Court) |
| | : | |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of March,   2016.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

CYNTHIA L. WESTWOOD, Atty. Reg. No. Rogers & Greenberg, LLP, 2160 Kettering Tower, Dayton, Ohio 45423
        Attorneys for Defendants-Appellants

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} H.M. and J.M. appeal from an order of the Clark County Common Pleas Court, Juvenile Section, overruling their motion for legal custody of their four

grandchildren and awarding permanent custody to the Clark County Department of Jobs and Family Services, Children Services Division. They contend that the order is not supported by the evidence.

{¶ 2} We conclude that the juvenile court's order is supported by competent, credible evidence, and that the order is not against the manifest weight of the evidence. Accordingly, the order of the juvenile court from which this appeal is taken is Affirmed.

## I. The Course of Proceedings

{¶ 3} In 2011, the Clark County Department of Jobs and Family Services, Children Services Division (the Agency) filed a complaint for protective supervision over these children due to concerns of sexual abuse. At that time, the children were living with their parents, J.P. and C.P. A protective supervision order was entered, and the children and Father began residing with Father's parents. C.P. was granted visitation. In April 2012, the family was reunited. Thereafter, following a domestic violence incident, the protective supervision order was extended.

{¶ 4} In December 2012, temporary custody was awarded to H.M. and J.M., who are the maternal grandparents. The children were removed from the maternal grandparents' home three months later, on March 7, 2013, following allegations by one of the children that she had been molested by the adult son of H.M. and J.M., while residing with the grandparents. In May 2013, legal custody of all four children was awarded to a paternal aunt and uncle. In May 2014, the aunt and uncle moved to terminate custody, due to their inability to care for the children. Temporary custody was awarded to the Agency in July 2014, and the children were placed in foster care. In February 2015, the Agency moved for permanent custody. J.M. and H.M. moved to

intervene, and for legal custody. Their motion to intervene was sustained.

{¶ 5} A hearing on permanent custody and the motion for legal custody was conducted in August 2015. At that time, the children were nine, eight, seven, and five years old. Both parents, and their counsel, in open court and on the record, acknowledged that the parents wanted to voluntarily relinquish their parental rights. Evidence was adduced that neither parent had complied with their case plan despite appropriate referrals by the Agency, and that they had not rectified any of the problems leading to the Agency's involvement.

{¶ 6} The hearing proceeded upon the maternal grandparents' motion for legal custody. Evidence was presented that, prior to permitting H.M. and J.M. to assume temporary custody of the children, the Agency conducted a home study of their residence. The Agency approved the study. However, the Agency later learned that the grandparents were permitting other adults to live in their home, displacing the children from their bedrooms. Indeed, H.M. and J.M. were aware that one man living there had been accused of sexually abusing a family member. They permitted the man to live with them despite this concern. The Agency further learned that there was a BB gun in the residence, despite the fact that the Agency had questioned the grandparents about any type of firearms, ammunition, or any object that would shoot projectiles. There was testimony in the record that H.M. had fired the BB gun in the direction of the boys on at least one occasion. The Agency indicated that the home study would not have been approved had the grandparents informed it of these facts.

{¶ 7} The Agency also submitted evidence that although the allegation of sexual abuse could not be substantiated, it had substantiated that the children were being

neglected during their time in the maternal grandparents' home. There was evidence that the grandparents permitted mother's boyfriend access to the children, despite the fact that the Agency specifically told them that such contact was inappropriate, because the boyfriend had abused the children. The grandparents further permitted their son in their home, despite the fact that he smoked marijuana around the children. Evidence was adduced that the Agency had been involved with the grandparents since the mother of the children, C.P., was an infant. Evidence was presented that C.P. had alleged that H.M. had sexually abused her in the past; but there was also evidence that she had recanted the allegation. There was evidence that C.P. was sexually abused on several occasions as a child when she was living with H.M. and J.M. There was evidence that the Agency had a long history with H.M. and J.M., having received 40 referrals regarding H.M. and J.M. involving allegations of abuse and neglect as to both C.P. and her siblings, as well as the grandchildren. Finally, it was determined that the grandparents had no income other than approximately $730 per month in Social Security Disability benefits, and they had no vehicle.

{¶ 8} The juvenile court overruled the grandparents' motion for legal custody, and awarded permanent custody to the Agency. H.M. and J.M. appeal.

**II. The Order Awarding Permanent Custody to the Agency Is Supported by Sufficient Evidence, and Is Not Against the Manifest Weight of the Evidence**

{¶ 9} The grandparents' sole assignment of error states as follows:

THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE CLARK COUNTY DEPARTMENT OF JOBS AND FAMILY SERVICES, CHILDREN SERVICES DIVISION, AS

THE AGENCY FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT PERMANENT CUSTODY WAS IN THE BEST INTEREST OF THE CHILDREN AND SUCH, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 10} H.M. and J.M. contend that the evidence does not support the juvenile court's order.

{¶ 11} Included among the dispositional orders a juvenile court may make concerning an abused, neglected, or dependent child are committing the child to the permanent custody of a public children services agency, or awarding legal custody to a relative or any other person. R.C. 2151.353(A). When determining the disposition, the best interest of the children is the primary consideration. *In re L.C.*, 2d Dist. Clark No. 2010 CA 90, 2011-Ohio-2066, ¶ 13. On appeal, we will not reverse an award of legal custody absent an abuse of discretion. *In re Starks*, 2d Dist. Darke No. 1646, 2005-Ohio-1912, ¶ 17.

{¶ 12} Thus, we must determine whether the evidence supports the juvenile court's finding that awarding legal custody to the grandparents would not be in the best interest of the children. In doing so, we look to the best-interest factors set forth in R.C. 3109.04(F). *In re. K.Y.*, 2d Dist. Clark No. 2012-CA-71, 2013-Ohio-3039, ¶ 12. Those factors include, among other factors, the wishes and concerns of the child, the child's interaction and relationship with the child's parents, siblings, and other relatives, and the child's adjustment to the child's home, school, and community. R.C. 3109.04(F).

{¶ 13} The children have all indicated that they want to live with their foster parents, and the oldest child has indicated that he does not want to be around H.M. and J.M. Two

of the children have indicated that they do not feel safe in the grandparents' home. The Guardian ad Litem recommended that permanent custody be awarded to the Agency. The GAL found the home to be dirty, and noted that one room had items piled from floor to ceiling. Competent, credible evidence was presented that the children were in foster care, that they were doing well, and that they were bonded to their foster parents. The evidence also supports a finding that the foster parents wish to adopt the children. The children had not had any interaction with H.M. and J.M. for the two years preceding the hearing.

{¶ 14} The trial court specifically found that H.M. and J.M. were aware that their own children, including C.P., were sexually and physically abused by individuals they allowed into their home. The court also found that there was credible evidence that H.M. had sexually abused his daughter, C.P. The court stated that H.M. was not credible, and that he was evasive and furtive when denying allegations that he had abused his own children. The court found that the grandparents did not understand the nature of the damage suffered by their grandchildren, and that they did not persuade the court that they could prevent future abuse. The court further found that the history of abuse, along with the report of the GAL that H.M. and J.M.'s residence was dirty and lacked adequate space, rendered their motion for legal custody meritless.

{¶ 15} We conclude that the juvenile court did not abuse its discretion in determining that the best interest of the children would be served by awarding permanent custody to the Agency, that its order is supported by sufficient evidence, and that its order is not against the manifest weight of the evidence.

{¶ 16} The sole assignment of error is overruled.

## III. Conclusion

{¶ 17} The sole assignment of error having been overruled, the order of the juvenile court from which this appeal is taken is Affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Megan M. Farley
Cynthia L. Westwood
James Griffin
Melissa Tuttle
Gregory Lind
Michael Edwards
Hon. Joseph N. Monnin